Gisinger et al., Appellants, *v.* Hart et al., Appellees.*

(No. 241—Decided December 18, 1961.)

*Messrs. Dillon, Johnston & Stilwell,* for appellants.
*Mr. Richard C. Gerken,* for appellees.

Collier, J. This action was instituted by the plaintiffs in the Common Pleas Court of Hocking County, seeking a determination and a declaration of rights under an oil and gas lease on certain described real property located in Hocking County, and an extension of such lease and a restraining order against the defendants to prevent them from interfering with the plaintiffs' legal rights to proceed with drilling operations on the land. The defendants' demurrer to plaintiffs' petition was sustained by the trial court, and this appeal on questions of law to this court followed.

Plaintiffs, in their petition, in substance, allege that on January 27, 1951, the defendants, Elza Hart and Nettie Hart, executed and delivered to the Kachelmacher Estate a certain lease for oil and gas on the land described and owned by the defendants; that on January 17, 1961, the lease was assigned by the Kachelmacher estate to the plaintiff Robert G. Gisinger, re-

---

*Motion to certify the record overruled (37499), June 20, 1962.

serving a one-twenty-fourth royalty interest therein, and that this plaintiff is now the owner thereof; that on January 16, 1961, plaintiffs discussed and reached an agreement with defendants concerning the drilling of a well on the land described in the lease; that in reliance thereon, the plaintiff Robert G. Gisinger engaged an attorney to examine the title to the premises, arranged with an adjoining property owner for a right of way for road purposes, ordered drilling materials, hired an engineer to survey the well site and engaged a drilling contractor to commence drilling operations on January 23, 1961; that on January 21, 1961, the defendants ordered plaintiffs' surveyor and the plaintiff Robert G. Gisinger off the premises; and that the defendants by their acts and threats have prevented the plaintiffs from developing such lands for oil and gas in accordance with their lease.

The question raised by the demurrer is whether the allegations of this petition, assuming the truth thereof, are sufficient to entitle the plaintiffs to the relief sought. The habendum clause of the lease, exhibit A, attached to the petition, reads:

"To have and to hold unto and for the use of the lessee his heirs successors and assigns for the term of ten years from the date hereof and as much longer as oil and gas is produced in paying quantities."

It appears from the petition that plaintiffs had done nothing to develop the oil and gas potential on this land under this lease until ten days before the expiration date of the lease; that the actual work of drilling was not to be started until January 23, 1961, or four days before the primary term of ten years would expire. Under the terms of the lease, plaintiffs would be entitled to an extension only if oil and gas were being produced in paying quantities when the ten-year term expired on January 27, 1961. Otherwise, the lease would expire on its own terms on that date.

We believe a reasonable inference may be drawn from the facts alleged that it would be highly improbable, if not impossible, to produce oil and gas in paying quantities on the premises in a period of four days. It is a case of "too little too late" on the part of the plaintiffs. In a similar case involving a five-year lease, it was held in *Hanna* v. *Shorts*, 163 Ohio St., 44, that in order for a lessee to obtain the extension of the prim-

ary term of a lease, the lessee "must allege and prove either (a) some express or implied agreement for the extension of such term beyond said five-year period or (b) that oil, gas or their constituants were produced in paying quantities from said land within and beyond said five-year period or (c) that they could have been so produced if the acts of the lessor had not prevented or interfered with such production."

None of these facts or conditions is alleged in plaintiffs' petition. The agreement alleged to have been reached between plaintiffs and defendants related to a drilling operation and not to an extension of the primary period of the lease. The ruling of the trial court on the demurrer was correct and the judgment is affirmed.

*Judgment affirmed.*

RADCLIFF, P. J., and BROWN, J., concur.